**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

<u>Mary Seguin</u>

   v.                                              Civil No. 13-cv-012-SJM-LM

<u>Textron et al.</u>

**O R D E R**

Before the court are fifteen motions and requests for judicial notice filed by plaintiff (doc. nos. 46, 48, 62, 63, 65, 80-83, 86, 99, 126, 128, 141, 144), requesting that the court take judicial notice of certain matters; hold evidentiary hearings on the alleged existence of bias in the Rhode Island state court system and on her claims of perjury, fraud, extortion, and other crimes; and/or refer her allegations of perjury, federal crimes, and "human rights violations" for further investigation and prosecution.  Defendants have objected to those motions, and plaintiff has responded to defendants' objections.  <u>See</u> Doc. Nos. 55, 57-59, 88, 95, 96, 100-104, 106, 111-113, 116, 121, 122, 124, 135, 136, 143, and 145-147 (defendants' objections)[1]; Doc. Nos. 80, 87, and 98 (plaintiff's responses).

---

[1] This court previously denied motions to strike filed by defendants relating to these requests for judicial notice.  <u>See</u> Endorsed Order (Oct. 1, 2013) (denying motions to strike (doc. nos. 67-68, 75-78)).

A number of plaintiff's motions at issue seek relief that this court has previously denied.  To the extent any of Sequin's motions at issue can be read to request that the magistrate judge reconsider earlier rulings in this case, this court finds no ground for reconsideration.  As none of the relevant motions seeks the district judge's reconsideration of the magistrate judge's rulings, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), none are construed as requiring the district judge's disposition.

I.   Judicial Notice

In general, plaintiff has requested that this court take judicial notice of certain matters, including:

- the existence of corruption and bias in Rhode Island state government and in the state court system;

- the "common knowledge" that there is corruption and bias in Rhode Island state government and in the state court system;

- court documents from cases involving Gero Meyersiek and other litigants, which plaintiff has attached to her filings as exhibits;

- demographic statistics about Providence, Rhode Island;

- the existence of certain newspaper and journal articles, blogs, and websites; and

- the employment history and relationships among certain individuals in Rhode Island, including public officials and judges.

This court may take judicial notice of "adjudicative facts" at any time if the fact "is not subject to reasonable dispute" either because it is "generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "'A high degree of indisputability is an essential prerequisite,'" before the court should take judicial notice of any adjudicative fact. United States v. Bello, 194 F.3d 18, 23 (1st Cir. 1999) (citation omitted) (emphasis in Bello).

    A.   Bias

Plaintiff requests that this court take notice that systemic bias in the Rhode Island state courts both exists and is a matter of common knowledge. Plaintiff has failed to carry her burden of showing, however, that either the existence of bias or the "common knowledge" of its existence is indisputable. Therefore, the court declines to take judicial notice of those matters.

    B.   Documentary Material and Websites

Plaintiff next requests that the court take judicial notice of articles, blogs, and websites, which she has reproduced and filed as exhibits to her motions. The court takes judicial notice of the readily ascertainable fact that those publications

3

exist, but declines to take notice of their contents, or of plaintiff's characterizations of their significance. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 401 n.15 (3d Cir. 2006) (courts may "'take judicial notice of newspaper articles for the fact of their publication'" (citation omitted)). Similarly, the court takes judicial notice of the existence of the court documents filed as exhibits by plaintiff, and further takes judicial notice that the United States Census Bureau has reported a statistic for the percentage of the population over age 5 living in households in Providence, Rhode Island, where a language other than English is spoken at home. In so ruling, however, the court expressly declines to accept the truth of plaintiff's characterization of any court document or demographic statistic. The court declines to take judicial notice of any other statistic cited by plaintiff, where she has neither cited to the precise government webpage reporting the statistic, nor provided such information in hard-copy.

    C.   Remaining Requests

The court denies plaintiff's remaining requests for judicial notice, either because plaintiff has failed to show that the matter at issue is indisputable, or because she has asked for judicial notice of matters that are not within the

scope of Fed. R. Evid. 201.[2] The court cautions plaintiff not to clutter the docket with additional, repetitive requests and motions for judicial notice of matters that are, at best, tangentially connected to issues actually in this case.

II. <u>Hearings</u>

    A. <u>Bias</u>

The pending motions also include a request that this court hold an evidentiary hearing to scrutinize the issue of structural bias and actual bias in the Rhode Island court system. That motion is denied, given that this case remains in the pleading stage.

    B. <u>Investigation or Prosecution</u>

In her pending motions, plaintiff has requested that this court hold a hearing on, or refer for grand jury or other investigation or prosecution of, plaintiff's allegations of perjury, fraud, and corruption. Nothing in the record, however, suggests that any hearing or referral is necessary. Moreover, there is no federal right to have alleged criminal wrongdoers

---

[2]Rule 201 concerns only "adjudicative facts," that is, facts "germane to what happened in the case." United States v. Bello, 194 F.3d 18, 22 (1st Cir. 1999); see also Qualley v. Clo-Tex Int'l, Inc., 212 F.3d 1123, 1128 (8th Cir. 2000) (adjudicative facts "'normally go to the jury in a jury case'" and "'relate to the parties, their activities, their properties, their businesses'" (citations omitted)).

5

brought to justice.  See Leeke v. Timmerman, 454 U.S. 83, 87 (1981); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another")).  Accordingly, the court denies plaintiff's motions seeking hearings and/or referrals for investigations and prosecutions.

## Conclusion

The court GRANTS in part the requests for judicial notice set forth in Document Nos. 46, 48, 62, 63, 65, 80-83, 86, and 99, to the extent that the court takes judicial notice of the existence of the articles, websites, blogs, court documents, and demographic statistics cited by plaintiff and attached as exhibits to those motions and requests.  The court DENIES the remaining relief sought in Document Nos. 46, 48, 62, 63, 65, 80-83, 86, 99, 126, 128, 141, and 144.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 17, 2013

cc: Mary Seguin
    Rebecca Tedford Partington, Esq.
    Susan Urso, Esq.

6

      Erika J. Lindberg, Esq.
      Mark W. Freel, Esq.
      Rachel K. Caldwell, Esq.
      Joseph Avanzato, Esq.
      Leslie D. Parker, Esq.
      Gordon P. Cleary, Esq.

LBM:nmd