## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

<u>Mary Seguin</u>

   v.                                          Civil No. 13-cv-012-SJM-LM

<u>Textron et al.</u>

### **O R D E R**

Before the court is plaintiff Mary Seguin's motions seeking the presiding district judge's and magistrate judge's recusal and the reassignment of this action to another district court (doc. nos. 127, 137 and 139).

### <u>Background</u>

Seguin characterizes this action as challenging, among other things, racketeering, fraud, corruption, and bribery in the Rhode Island Family Court, and defendants include the Estate of Gilbert T. Rocha, a Rhode Island judge. All of the federal judges in the District of Rhode Island have recused themselves, and the matter was referred to the District of New Hampshire for assignment to a district judge. <u>See</u> Order (doc. no. 3). The District of New Hampshire chief judge concurred in the referral (doc. no. 4), and the court assigned the matter to Judge McAuliffe. Seguin's motions (doc. nos. 127, 137, and 139) seek

recusal of the undersigned magistrate judge and re-assignment of this case to a judge from another federal district court.

## Discussion

I.  Assignment to Judge McAuliffe

Seguin asserts that this action is not properly before Judge McAuliffe, and that the case was assigned to Judge McAuliffe via 28 U.S.C. § 636(f), without the issuance of a designation order pursuant to 28 U.S.C. §§ 291, 292, or 295.[1] Seguin is mistaken.

When all judges in the District of Rhode Island recused themselves, the matter was referred out of the district. A federal statute, 28 U.S.C. § 292(b), authorizes the chief judge of the relevant circuit, in the public interest, to designate and assign a district judge within that circuit to sit temporarily by designation in another district within the same circuit. On December 31, 2012, First Circuit Chief Judge Lynch determined that the public interest warranted the designation

---

[1] Seguin further asserts that this case was assigned to Judge McAuliffe in a manner that bypassed the Judicial Conference's and First Circuit's "mandatory conflict screening policy." The documents filed by Seguin indicate that she is referring to conflict screening software that federal courts implement to screen cases for conflicts before assignment to particular judges. The practice in the district court clerk's offices is to screen cases for conflicts. There is no suggestion in the record that such screening did not occur in this case. Moreover, Seguin has made no showing that the case presents any conflict requiring the recusal of any currently assigned judicial officer.

and assignment of Judge McAuliffe to sit in the District of Rhode Island for cases (like this case) filed in 2013. The relevant order so designating Judge McAuliffe is on file in the clerk's offices in the Districts of New Hampshire and Rhode Island, and is attached hereto as Exhibit A. See Ex. A, Designation of District Judge McAuliffe for Service in Another District Within His Circuit (Dec. 31, 2012). Accordingly, the motion to reassign this action is denied, to the extent it asserts that the case was assigned to Judge McAuliffe through 28 U.S.C. § 636(f).

II. Appearance of Bias

Seguin contends that the referral of matters to the undersigned magistrate judge and to Judge McAuliffe generates an appearance of impropriety, warranting reassignment. A federal magistrate judge or district judge must recuse herself or himself if the judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or if the judge presiding over the matter would create an "'objective appearance'" of partiality. United States v. Pulido, 566 F.3d 52, 63 (1st Cir. 2009) (citations omitted). To avoid unnecessary delays and a waste of judicial resources, unnecessary recusals are to be avoided. See United States v. Snyder, 235 F.3d 42, 46 (1st Cir. 2000). "Thus, under § 455(a) a judge has a duty to recuse

3

himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." Id. (footnote omitted).

Seguin contends that (1) I am neither sufficiently experienced, nor expert in Rhode Island law and corruption to hear this matter; (2) I have made recommendations to Judge DiClerico, sitting by designation in related cases, to issue orders which Seguin considers erroneous, based on Younger v. Harris, 401 U.S. 37 (1971), and Ashcroft v. Iqbal, 556 U.S. 662 (2009); and (3) I have made rulings in this case, including an order denying Seguin the ability to file electronically, which she contends are erroneous.

Seguin further contends, as to both the undersigned magistrate judge and Judge McAuliffe, that "all New Hampshire magistrates and Article III judges" have demonstrated an "institutional refusal" to apply the "bad faith" exception in Younger v. Harris, 401 U.S. 37 (1971), in the manner Seguin considers proper. That argument also boils down to a contention that particular judges have issued rulings with which she disagrees.

Even if all of Seguin's allegations were true, they would be legally insufficient to justify recusal. The court's alleged lack of expertise in a particular subject matter is not relevant to whether the court's impartiality might reasonably be questioned, and allegedly erroneous rulings or recommendations

4

do not give rise to any requirement that the judge recuse herself or himself in the same case, or from related matters. Erroneous rulings may be a proper ground for appeal, but not for recusal.  See Liteky v. United States, 510 U.S. 540, 554 (1994). Nothing in the record, and no ruling I have issued or recommendation I have made here or in any other case, generates any reasonable question as to my impartiality, and no ruling issued by any other judge in the District of New Hampshire generates such a question as to Judge McAuliffe.  Accordingly, Seguin's motions seeking recusal are denied.

## Conclusion

For the foregoing reasons, plaintiff's motions (doc. nos. 127, 137 and 139) are denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 17, 2013

cc:  Mary Seguin
     Rebecca Tedford Partington, Esq.
     Susan Urso, Esq.
     Erika J. Lindberg, Esq.
     Mark W. Freel, Esq.
     Rachel K. Caldwell, Esq.
     Joseph Avanzato, Esq.
     Leslie D. Parker, Esq.
     Gordon P. Cleary, Esq.

LBM:nmd

5