UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Mary Seguin

    v.                                              Civil No. 13-cv-012-SJM-LM

Textron et al.

**REPORT AND RECOMMENDATION**

Before the court is the motion for a temporary stay (doc. no. 69) filed by defendant Estate of Rocha, and joined by defendants Textron, Inc.; Adler, Pollock & Sheehan, P.C.; and McIntyre Tate, LLP (see Doc. Nos. 73, 109, 119).  The motion seeks an order preventing plaintiff from filing pleadings and motions until after this court rules on defendants' September 6, 2013, motions to dismiss (doc. nos. 89 and 91-93).  Plaintiff has objected to the motion for a temporary stay (doc. no. 152).

Discussion

This court has authority to regulate the conduct of abusive litigants by, among other things, enjoining the filing of frivolous or vexatious motions.  See Cok v. Fam. Ct., 985 F.2d 32, 34 (1st Cir. 1993); see also Sires v. Fair, 107 F.3d 1, 1997 WL 51408, at *1 (1st Cir. 1997) (unpublished table decision) ("'in extreme circumstances involving groundless encroachment

upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious [motions] may be appropriate'" (citation omitted)). "[L]itigiousness alone will not support an injunction against a plaintiff," and "the use of such measures against a pro se plaintiff should be approached with particular caution." Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980) (citations omitted). Generally, a filing restriction "should not be considered absent a request by the harassed defendants." Id.

In their motion for a temporary stay of filings (doc. nos. 69, 73, 109, and 119), defendants claim that Seguin's pleading practices have been harassing and abusive in this case and in related litigation she has filed in this court. Defendants cite examples from the record in this case and from related cases, including what they call an unnecessarily inflated docket in Seguin v. Bedrosian, No. 12-cv-614 (D.R.I.). This court dismissed that case, and an appeal is currently pending in the First Circuit. See id. (D.R.I. Jan. 30, 2013) (judgment), appeal docketed, No. 13-1242 (1st Cir. Feb. 19, 2013).

The court finds ample support for defendants' claims of harassing and abusive filings in the examples they cite. Furthermore, this court notes that plaintiff's pleading

practices in this case have included the filing of "emergency" motions without a showing of exigency, see, e.g., Doc. Nos. 97, 114, 126, 129, 137, 144, 150, and 154, and the filing of lengthy, repetitive motions employing cut-and-paste arguments, see, e.g., Doc. Nos. 62, 63, 65, 80, 86, and 99.  Plaintiff has used this case as a bully pulpit to accuse defendant Estate of Rocha's counsel of lying, see, e.g., Doc. No. 141 at 14, and to cast aspersions on federal judges who are not assigned to this case, see, e.g., id. ("Federal judges DiClerico and Mary Lisi have a common track record of legitimizing fraud in the state courts in Rhode Island . . . .").  Moreover, plaintiff's practice of including multiple motions in a single document has resulted in an unnecessarily complicated and convoluted docket.  See, e.g., Doc. Nos. 126-29, 137-41 and 150-54.

In sum, plaintiff's pleading style and practices in this case have been vexatious and abusive, and have wasted the court's and parties' resources.  This court's issuance of a filing restriction narrowly-tailored to the circumstances in this case, as set forth below, is warranted to avoid further harassment of defendants and unnecessary resource expenditures, while defendants' Rule 12(b)(6) motions (doc. nos. 89 and 91-93) are pending.

## Conclusion

For the foregoing reasons the district judge should enter the following order, granting defendants' motions for a temporary stay (doc. nos. 69, 73, 109, and 119) and imposing, in this case, a limited filing restriction upon plaintiff, as set forth below:

1. The defendants' motions (doc. no. 69, 73, 109, and 119) are GRANTED.

2. Plaintiff is ordered to cease filing any motions, pleadings, notices, or other documents after the date of this order, until the district judge rules on each pending motion to dismiss (doc. nos. 89 and 91-93), except as follows:

    a. Seguin may file one objection or other response to each motion filed by defendants while this filing restriction remains in effect, within the time allowed by LR Cv 7(b);

    b. Seguin may file one objection to each of defendants' September 6, 2013, motions to dismiss (doc. no. 89 and 91-93) while this filing restriction remains in effect, within the time allowed by the court for filing that objection;

    c. If the magistrate judge issues a report and recommendation on each pending motion to dismiss (doc. nos. 89 and 91-93), Seguin may file one objection to each such report and recommendation and one response to any other party's objection, as provided by Fed. R. Civ. P. 72(b);

    d. If the magistrate judge issues an order as to any nondispositive matter while this filing restriction remains in effect, Seguin may file one objection to that order and one response to any other party's objection, as provided by Fed. R. Civ. P. 72(a) and LR Cv 72.2;

       e.   Seguin may file a motion to extend the deadlines set forth herein, demonstrating good cause for extending those deadlines; and

       f.   Seguin may file a motion seeking the court's leave to file another document, in accordance with Paragraph 3, below.

3.   Except as to the motions, objections, and responses listed in Paragraphs 2(a)-(f) of this order, which Seguin may file without first seeking the court's leave, while this filing restriction remains in effect, this court may summarily deny any motion and/or strike any document filed by Seguin, unless Seguin simultaneously files a motion seeking the court's leave to file that document or motion. In her motion seeking such leave to file, Seguin must demonstrate the basis upon which she asserts a right or need to file the document/motion at issue, and she must attach the document/motion she proposes to file as an exhibit to the motion requesting leave.

4.   Unless otherwise ordered by this court, defendants need not respond to any notice, pleading, or motion currently pending, or filed by Seguin after the date of this order, while this filing restriction remains in effect.

5.   Unless otherwise ordered by this court, the conditions and restrictions set forth in Paragraphs 2-4 of this order shall terminate when the district judge either rules on each motion to dismiss (doc. nos. 89 and 91-93), or accepts, rejects, or modifies the magistrate judge's report and recommendation on each of those motions to dismiss, whichever occurs first.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57

5

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                _____
                                                Landya McCafferty
                                                United States Magistrate Judge

October 17, 2013

cc:   Mary Seguin, pro se
      Rebecca Tedford Partington, Esq.
      Susan Urso, Esq.
      Erika J. Lindberg, Esq.
      Mark W. Freel, Esq.
      Rachel K. Caldwell, Esq.
      Joseph Avanzato, Esq.
      Leslie D. Parker, Esq.
      Gordon P. Cleary, Esq.

LBM:nmd