UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

<u>Mary Seguin</u>

    v.                                           Case No. 13-cv-12-SJM-LM
                                                    Opinion No. 2014 DNH 092

<u>Textron, Inc., et al.</u>[1]

## **O R D E R**

Before the court are motions to dismiss the first amended complaints filed by all defendants who were served in either of these consolidated cases. <u>See</u> Doc. Nos. 89, 91-93, in <u>Seguin v. Textron</u>, No. 13-cv—12-SJM ("<u>Textron</u>"); Doc. No. 46, in <u>Seguin v. Suttell</u>, No. 13-cv-095-JNL ("<u>Suttell</u>")).[2] Seguin has not filed a

---

[1] Defendants named in the First Amended Complaints in these consolidated cases are: Textron, Inc. ("Textron"); Adler, Pollock & Sheehan, P.C. ("AP&S"); Estate of Gilbert T. Rocha ("Estate"); McIntyre Tate, LLP ("McIntyre"); Lynch, Lynch & Friel, P.C.; Family Court guardian ad litem and Attorney Patricia A. Murray-Raposa; Dugan & Grady Law Assocs.; Providence Police Department Chief Hugh T. Clements, Jr.; Gero Meyersiek; Sophia Meyersiek a/k/a Sophia Karvunis; the Rhode Island Supreme Court, Family Court, Attorney General's Office, and Child Support Office ("CSO"); Supreme Court Chief Justice Paul Suttell, Governor Lincoln D. Chafee, Health and Human Services Secretary Steven M. Constantino, CSO Director Sharon A. Santilli, CSO Attorney Priscilla Glucksman, and Family Court Chief Judge Haiganush Bedrosian; Family Court Associate Judges John E. McCann III, Stephen J. Capineri, and Michael B. Forte; Family Court mediator and guardian ad litem Lori Giarrusso; Attorney General Peter Kilmartin; former Family Court Judge Jeremiah Jeremiah; Family Court Judge Kathleen Voccola; and State Police Colonel Steven G. O'Donnell.

[2] Documents filed originally in <u>Seguin v. Suttell</u>, No. 13-cv-095-JNL ("<u>Suttell</u>"), a matter that has been consolidated with the above-captioned action and statistically closed, are cited here as "<u>Suttell</u> Doc. No. \_\_"; documents filed originally in the above-captioned case ("<u>Textron</u>"), are cited as "<u>Textron</u> Doc. No. \_\_\_."

timely objection to any of those defendants' motions to dismiss, and she has neither served, nor demonstrated good cause for failing to serve, any of the remaining defendants named in the First Amended Complaint in Suttell or the First Amended Complaint in Textron.

For reasons stated below, this court grants each motion to dismiss. The court also grants Seguin fourteen days to show cause why this action should not be dismissed without prejudice, under Fed. R. Civ. P. 4(m), as to the remaining defendants named in the First Amended Complaints in Textron and Suttell who were not served with those pleadings.[3]  See Textron Doc. No. 66 (First Am. Compl.); Suttell Doc. No. 25.

**Background**

These consolidated cases represent the third and fourth federal actions filed by plaintiff, Mary Seguin ("Seguin"), in the United States District Court for the District of Rhode Island, concerning Rhode Island Family Court litigation involving Seguin and Gero Meyersiek or Marc Seguin, the fathers of her two daughters (hereinafter "Family Court proceedings"). Those Family Court proceedings, as well as other state court cases Seguin

---

[3]  In separate orders this date, the court has consolidated the cases, granted an unopposed motion to seal two unredacted filings, and, upon motion, issued an injunction restricting plaintiff's ability to file certain actions in the United States District Court for the District of Rhode Island in the future.

filed to challenge orders in those proceedings, are described in Seguin v. Chafee, No. 12-cv-708-JD, 2012 WL 6553621, at *1-*3 (D.R.I. Dec. 14, 2012).

In the two prior federal cases filed by Seguin in the District of Rhode Island, Seguin v. Bedrosian, No. 12-cv-614-JD-LM (D.R.I.) ("Bedrosian"), and Seguin v. Chafee, No. 12-cv-708-JD (D.R.I.) ("Chafee"), Seguin asserted similar claims, alleging that various orders in the Family Court proceedings were fraudulent and interfered with her parental rights and right to travel. She also claimed, among other things, that biased state court judges and others conspired to violate her rights; that the orders issued in those cases were retaliatory for misconduct reports Seguin filed, or manifested the judges' discriminatory intent; and that she was deprived of due process of law in the state courts. The relief sought in Chafee and Bedrosian included declaratory relief and orders enjoining the Family Court proceedings, as well as damages. In December 2012 and January 2013, the Chafee and Bedrosian courts dismissed all of Seguin's claims upon finding that abstention was mandatory as to the claims for injunctive and declaratory relief under Younger v. Harris, 401 U.S. 37 (1971), and that, even if Younger did not apply, Seguin failed to state a claim upon which relief could be granted. See Bedrosian, No. 12-cv-614-JD-LM, 2013 WL 367722, at *3 (D.R.I. Jan. 30, 2013), aff'd, No. 13-1242 (1st Cir. Nov. 1,

3

2013); Chafee, No. 12-cv-704-JD-LM, 2012 WL 6553621, at *7 (Dec. 14, 2012), recons. denied, 2013 WL 124301 (D.R.I. Jan. 9, 2013), aff'd, No. 13-1241 (1st Cir. Nov. 1, 2013).

Seguin asserts in the pleadings in these consolidated cases that judges in the Family Court proceedings issued child support orders and other rulings favorable to Gero Meyersiek that violated her rights. She has further alleged that she and Meyersiek are former Textron employees, who were involved in a sexual relationship when they worked together. Textron's settlement agreements with Meyersiek and/or Seguin are cited by plaintiff in these cases, in connection with her allegations that child support orders in the Family Court proceedings manifest corruption and bias, and/or that Textron, Gero Meyersiek, and others participated in corrupt, conspiratorial, and fraudulent acts affecting her interests in those proceedings. Seguin specifically highlights a Family Court order issued on a petition stating that Seguin's mother does not speak English as proof of that court's bias and discriminatory intent, and she claims that Textron and/or Gero Meyersiek conspired together with state court judges and others to deprive her of due process, in a manner she characterizes as fraudulent and corrupt. She further alleges that various federal and state government officials have not adequately investigated or prosecuted her complaints. Her assertions in all these respects are substantially similar to the

4

claims she asserted in Chafee and Bedrosian.  Seguin seeks damages, this court's referral of defendants for criminal prosecutions, rescission of the Textron settlement agreement, and restitution.

**Discussion**

I.  Motion to Dismiss Standard

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must consider whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In doing so, the court disregards any legal conclusions in the complaint. Hernandez-Cuevas, 723 F.3d at 102-03.  The court is generally limited to considering "'facts and documents that are part of or incorporated into the complaint,'" as well as "'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted).  As Seguin is proceeding pro se in this action, the court must construe her pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

5

II. Suttell Amended Complaint

The Suttell defendants served in this action ("State Defendants") - Bedrosian, Capinieri, Chafee, Constantino, Forte, Giarrusso, Glucksman, Kilmartin, McCann, Santilli, and Suttell - contend that the claims Seguin has asserted against them in the operative complaint in Suttell (see First Am. Compl., Suttell Doc. No. 25) must be dismissed. Those Suttell defendants argue that dismissal is required because plaintiff is simply relitigating claims rejected for failure to state a plausible claim in Chafee and Bedrosian.

A. Res Judicata

"Under the federal law of claim preclusion," or res judicata, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action.'" Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012) (citation omitted). The elements of res judicata are:

> "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions."

Id. (citations omitted).

A corollary to the res judicata principle is the rule precluding a party from litigating in a new action a claim that

the court barred the plaintiff from adding to the old action. "'It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading.'" Id. (citation omitted).

All of the defendants named in Suttell, save two (Meyersiek and Giarrusso), were also named in Bedrosian and/or Chafee, or were identified as defendants in proposed pleadings that Seguin was unable to file in those cases. All of the claims asserted in the Suttell amended complaint were also asserted in the proposed "Third Amended Complaint" in Bedrosian, in the operative complaint in Chafee, and/or in the proposed Second Amended Complaint in Chafee. The district court in Bedrosian found that Seguin's proposed pleading failed to state any plausible claims for relief, see Bedrosian, Order (doc. no. 107), slip op. at 8 (D.R.I. Jan. 9, 2013) (denying motion to amend, and specifically finding facially implausible "Seguin's conclusory accusations that state judges engaged in a conspiracy and a RICO enterprise against her"); see also id., Order (doc. no. 111), slip op. at 7-8 (D.R.I. Jan. 30, 2013) (denying as futile plaintiff's motion to amend complaint, and noting that Seguin's proposed complaint amendment was very similar or identical to the complaint amendment denied on January 9, 2013).

Similarly, the Chafee court found that neither the operative complaint in Chafee, nor the proposed second amended complaint in

7

that case, stated plausible claims.  See Chafee (doc. no. 52) (D.R.I. Dec. 12, 2012) (finding no plausible claim stated in "Seguin's allegations against the defendants [which] suggest a vast conspiracy involving the Rhode Island Executive Office of Health and Human Services, the Rhode Island Child Support Office, the governor of Rhode Island, the Chief Justice of the Rhode Island Supreme Court, and numerous Family Court judges, with a goal of retaliating against Seguin for various reasons and fraudulently inflating her child support obligations to illegally receive federal funding pursuant to the Social Security Act").

The First Circuit affirmed the judgments in both cases.  See Bedrosian, No. 13-1242 (1st Cir. Nov. 1, 2013) (affirming dismissal of case "[e]ssentially for the reasons given by the district court" in orders issued on December 12, 2012, and January 30, 2013); Chafee, No. 13-1241 (1st Cir. Nov. 1, 2013) (affirming essentially for reasons given in district court orders dated December 14, 2012, and January 9, 2013).  Accordingly, res judicata bars Seguin from relitigating those claims here against the same defendants.

B.  Collateral Estoppel

Even if Seguin's claims were not barred by res judicata, they are barred by collateral estoppel.

> Collateral estoppel, or issue preclusion, applies when: "(1) the issue sought to be precluded in the later

action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment."

Latin Am. Music Co. v. Media Power Grp., 705 F.3d 34, 42 (1st Cir. 2013) (citation omitted). "[T]he central question is whether a party has had a full and fair opportunity for judicial resolution of the same issue." Manganella v. Evanston Ins. Co., 700 F.3d 585, 591 (1st Cir. 2012) (citation and internal quotation marks omitted).

Each of the requirements for collateral estoppel applies to the claims against the State Defendants in Suttell. The claims at issue in Suttell are the same claims that the district court dismissed in Bedrosian and Chafee. The First Circuit affirmed those dismissals, essentially for the reasons stated by the district court, after receipt of briefing that addressed issues including Seguin's failure to state a plausible claim.[4] Seguin had a full and fair opportunity to litigate whether she had

---

[4] Although Younger abstention was cited as one of two bases for the dismissal in both Chafee and Bedrosian, the district court's alternate ruling – that Seguin had failed to a state a plausible claim for relief – was briefed in the First Circuit, and is entitled to preclusive effect because the First Circuit, in affirming the dismissal, implicitly included both of those alternate rulings within the scope of its affirmance. See Urological Surgery Prof'l Ass'n v. William Mann Co., 764 F. Supp. 2d 311, 321 (D.N.H. 2011) (if "the appellate court affirms both grounds of the holding, each ground receives preclusive effect" (internal quotation marks omitted) (citing Rutanen v. Baylis (In re Baylis), 217 F.3d 66, 71 (1st Cir. 2000))); see also 1 Restatement (Second) Judgments § 27, cmt. o (1980).

9

stated plausible claims for relief in those cases. Seguin is therefore collaterally estopped from relitigating the same deficient claims against any of the Bedrosian or Chafee defendants in Suttell.

    C.    Absolute Immunity

        1.    Judicial Immunity and Quasi-judicial Immunity

Even if the claims as to the defendant judges were not barred by res judicata and/or collateral estoppel, the claims against those defendants are barred because they are absolutely immune from such claims. Each of the judges named in the complaint is entitled to judicial immunity with respect to his or her judicial acts, providing the acts were not taken in "clear absence of all jurisdiction." See Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989).

Giarrusso is entitled to the same scope of immunity with respect to her performance of delegated functions intimately related to the judicial process. Id. Nothing alleged in the Suttell amended complaint, when stripped of legal conclusions, suggests that Giarrusso or any judge named as a defendant engaged in conduct that would not be shielded by absolute judicial or quasi-judicial immunity.

2. <u>Prosecutorial Immunity</u>

Seguin's assertions as to Attorney General Kilmartin in <u>Suttell</u> are that Kilmartin conspired with defendants, lied in documents filed in federal court, retaliated against her for filing reports with the United States Justice Department, and failed to investigate and prosecute public corruption and criminal activities. Her allegations include matters rejected for failure to state a claim in the January 30, 2013, district court order in <u>Bedrosian</u>. <u>See</u> <u>Bedrosian</u>, Order (doc. no. 111), slip op. at 6-7 (similar allegations as to Kilmartin failed to state plausible claim for relief). Even if all of Seguin's claims were not barred by the rejection of substantially similar claims in <u>Bedrosian</u> and/or <u>Chafee</u>, defendant Kilmartin is absolutely immune from the claims in this case arising out of his exercise of prosecutorial discretion or asserting that pleadings and motions filed in prior federal litigation were fraudulent. <u>See</u> <u>Smith v. McCarthy</u>, 349 F. App'x 851, 859 (4th Cir. 2009); <u>see also</u> <u>Moore v. Schlesinger</u>, 150 F. Supp. 2d 1308, 1313-14 (M.D. Fla. 2001) (defendant government attorneys are absolutely immune from suit asserting claims under Racketeer Influenced and Corrupt Organizations Act ("RICO") and 42 U.S.C. §§ 1985, based on attorneys' alleged wrongful conduct in defending federal government in civil lawsuit).

D.  <u>Failure to State Claim</u>

Moreover, plaintiff has failed to state any claim in the <u>Suttell</u> First Amended Complaint (<u>Suttell</u> Doc. No. 25) upon which relief can be granted.  The complaint includes time-barred claims, arising from incidents occurring more than ten years ago.  And stripped of legal conclusions about conspiracies, retaliation, fraud, theft, bribery, corruption, illegal conduct and policies, and agreements between defendants to accomplish illegal ends, Seguin's remaining factual allegations fail to state plausible claims for relief under any of the authorities she has cited, including the Supremacy Clause, the Privileges and Immunities Clause, the Commerce Clause, the Necessary and Proper Clause, the Due Process and Equal Protection Clauses, the First and Ninth Amendments, the Fifth Amendment prohibition against the taking of private property without due process, various federal civil rights statutes, various federal criminal statutes, and civil RICO.  This court has examined the Textron agreements cited by Seguin to support her claims of fraud, kickbacks, and conspiracies, and finds that those agreements cannot be construed in the manner she alleges.  Accordingly, the State Defendants' motion to dismiss (<u>Suttell</u> Doc. No. 46) is granted, and all claims asserted in <u>Suttell</u> are dismissed as to those defendants.

III. Textron Amended Complaint

   A.   Estate of Rocha

   The only defendant served by Seguin in Textron sued for conduct undertaken in an official governmental capacity is deceased Family Court Judge Rocha's estate. All claims asserted in the Textron First Amended Complaint, Textron Doc. No. 66, against Judge Rocha's estate are barred by the doctrine of absolute judicial immunity. See Cok, 876 F.2d at 2 (judicial "immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive"). Even if the relevant claims were not barred by absolute judicial immunity, for reasons stated in the Estate's motion to dismiss, see Textron Doc. No. 91, all claims asserted against the Estate are time-barred. The motion to dismiss filed by the Estate is therefore granted.

   B.   McIntyre, Textron, and AP&S

   All claims asserted against the remaining, served defendants in Textron - McIntyre, Textron, and AP&S - are dismissed for the reasons set forth below, which are explained more fully in the motions to dismiss filed by those defendants (see Textron Doc. Nos. 89, 92, 93): Seguin's claims are generally time-barred; they generally fail to state plausible claims for relief when stripped of legal conclusions; and, to the extent claims are

13

asserted against Textron or AP&S, they are barred by the release in Seguin's settlement agreement.  Additionally, Seguin has failed to allege facts showing that Textron, McIntyre, or AP&S may be deemed state actors, for the purposes of rendering them liable for Claims 4B and 5 in the Textron First Amended Complaint.[5]  Accordingly, the court grants the motions to dismiss filed by Textron, McIntyre, and AP&S.


IV. Defendants Not Served

In the two cases consolidated in the above-captioned matter, plaintiff has named a number of defendants that she did not serve within 120 days of filing the complaint.  Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Unless plaintiff, within fourteen days of the date of this order, shows good cause for her failure to serve: Suttell defendants Clements, O'Donnell, and Gero Meyersiek; and Textron defendants Peter Kilmartin and the Office of the Rhode Island Attorney General, the Rhode Island Supreme

---

[5] Two claims denominated as "Count IV" in the Textron amended complaint are referred to here as "Count 4A" and "Count 4B."

Court, Priscilla Glucksman, the Rhode Island Child Support Office, the Rhode Island Family Court, Dugan & Grady Law Associates, former Family Court Judge Jeremiah, Lynch Lynch & Friel P.C., Gero Meyersiek, Sophia Meyersiek a/k/a Sophia Karvunis, Patricia Murray-Raposa, and Family Court Judge Voccola, all claims against those defendants will be dismissed without prejudice.

**Conclusion**

For the foregoing reasons, this court GRANTS the motions to dismiss in Textron (see Textron Doc. Nos. 89, 91-93), and in Suttell (Suttell Doc. No. 46). All claims asserted against: Textron defendants the Estate, AP&S, McIntyre, and Textron; and against Suttell defendants Bedrosian, Capinieri, Chafee, Constantino, Forte, Giarrusso, Glucksman, Kilmartin, McCann, Santilli, and Suttell, are dismissed with prejudice.

The court grants Seguin fourteen days from the date of this order to show good cause for her failure to serve each remaining defendant in Suttell and Textron. If Seguin fails to show cause as required, all claims asserted against those defendants will be dismissed without prejudice, the case will be closed, and judgment will be entered.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 25, 2014

cc: Mary Seguin, pro se
    Rebecca T. Partington, Esq.
    Susan E. Urso, Esq.
    Mark W. Freel, Esq.
    Joseph Avanzato, Esq.
    Leslie D. Parker, Esq.
    Gordon P. Cleary, Esq.

SJM:nmd