UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Mary Seguin

 v.            Case No. 13-cv-12-SJM-LM
               Opinion No. 2014 DNH 091

Textron, Inc., et al.

### **O R D E R**

Before the court are motions filed by the Office of the Rhode Island Attorney General in both of these consolidated cases, on behalf of parties represented by that office, to restrict plaintiff's filing of future actions against state officers, agencies, and employees. See Textron Doc. No. 173; Suttell Doc. No. 91.[1] See Textron Doc. Nos. 179, 180. Seguin has objected to the motions. See Textron Doc. No. 170, and Suttell Doc. No. 102. Co-defendants Adler, Pollock & Sheehan, P.C. ("AP&S") and McIntyre Tate, LLP ("McIntyre") have joined in the filing restriction motion in Textron, to the extent that the restriction covers all future lawsuits concerning plaintiff's Rhode Island Family Court matters.

---

[1] This consolidated action includes documents filed originally in Seguin v. Suttell, No. 13-cv-095-JNL, a matter that has been consolidated with the above-captioned action ("Textron") and statistically closed, as well as documents filed in Textron before consolidation. Documents filed originally in Suttell are cited here as "Suttell Doc. No. __"; documents filed originally in Textron are cited as "Textron Doc. No. __."

**Background**

These consolidated cases represent the third and fourth federal actions filed by plaintiff Mary Seguin ("Seguin") in the United States District Court for the District of Rhode Island, concerning Rhode Island Family Court matters involving Seguin and either Gero Meyersiek or Marc Seguin, the fathers of her two daughters. The court in the two prior federal cases filed by Seguin, Seguin v. Bedrosian, No. 12-cv-614-JD-LM (D.R.I.) ("Bedrosian"), and Seguin v. Chafee, No. 12-cv-708-JD (D.R.I.) ("Chafee"), dismissed all of Seguin's claims in those cases. See Bedrosian, 2013 WL 367722 (D.R.I. Jan. 30, 2013), aff'd, No. 13-1242 (1st Cir. Nov. 1, 2013); Chafee, 2012 WL 6553621, at *7 (D.R.I. Dec. 14, 2012), reconsideration denied, 2013 WL 124301 (D.R.I. Jan. 9, 2013), aff'd, No. 13-1241 (1st Cir. Nov. 1, 2013). In a separate order this date, this court granted defendants' motions to dismiss all claims in these consolidated cases, upon finding, among other things, that Seguin's claims were barred by the doctrines of res judicata and collateral estoppel, based on rulings issued in Bedrosian and Chafee.

This court's order granting those motions to dismiss terminates a temporary filing restriction placed upon Seguin in these consolidated cases, generally preventing her from filing documents in these cases while the motions to dismiss remained pending. See Suttell Doc. No. 108; Textron Doc. No. 174. In

issuing that temporary filing restriction, the court adopted then Magistrate Judge McCafferty's report and recommendation (see Suttell Doc. No. 70; Textron Doc. No. 158), detailing incidents of Seguin's harassing and abusive litigation tactics that had wasted the court's and parties' resources. See Suttell Doc. No. 108; Textron Doc. No. 174.

**Discussion**

I. Recusal

The state defendants, in their motions, seek an order permanently enjoining Seguin from filing future actions in this court against any state agencies or employees, in light of her history of vexatious litigation asserting the same claims. AP&S and McIntyre have joined that motion, to the extent that they seek to enjoin the filing of any lawsuits arising out of Seguin's Family Court matters.

As a preliminary matter, Seguin asserts that this court should be disqualified from ruling on those motions because she has filed a judicial misconduct complaint against the judges assigned to this case. Seguin has requested recusal of the New Hampshire judges assigned to these cases a number of times in each case for similar reasons, and each of those motions has been denied. See, e.g., Suttell Doc. Nos. 19 and 106; Textron Doc. Nos. 157. Nothing in the record warrants reconsideration of

those rulings, and nothing requires this court to hold the pending motions in abeyance at this time.

II. Filing Restriction

    A. Authority

"Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Fam. Ct., 985 F.2d 32, 34 (1st Cir. 1993). This power encompasses the ability to enjoin a pro se party from filing frivolous and vexatious pleadings. See United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005). Where a litigant has demonstrated a propensity to file repeated suits, involving the same or similar claims of a frivolous or vexatious nature, a bar on further filings is appropriate. Castro v. United States, 775 F.2d 399, 409 (1st Cir. 1985) (per curiam), abrogated on other grounds by Stevens v. Dep't of Treasury, 500 U.S. 1 (1991).

A filing ban should occur only where clearly indicated by the record in a particular case, including, for example, a history of repetitive frivolous filings, and only after the plaintiff has been warned that filing restrictions are contemplated. Cok, 985 F.2d at 35. An injunction on the ability of a plaintiff to file lawsuits must be tailored to the specific circumstances presented, particularly when issued against a pro se plaintiff. Id. at 34-35.

4

B.  Factors

Seguin has a well-documented history of filing repetitive claims arising out of her Family Court matters, naming a cast of state defendants. The court in Chafee and Bedrosian dismissed such claims, and the First Circuit affirmed those decisions. The state superior court in Providence County also rejected similar claims in Seguin's failed attempt to collaterally challenge Family Court orders in that court. See Suttell Doc. No. 86-1, at 80-89 (Seguin v. Bedrosian, No. 2012-0124 (R.I. Super. Ct., Providence Cnty.) (July 2012 bench ruling and August 2012 order granting motion to dismiss)).

Seguin has continued to file new cases relating to and arising out of her Family Court proceedings, repeating the same or very similar claims, and naming many of the same defendants. Seguin filed these cases after the district court in Chafee and Bedrosian made it clear that no further district court consideration of her claims in those cases was warranted. And one week after the state defendants here, on October 29, 2013, filed their motion for a permanent filing restriction seeking to enjoin future filings against the state in the District of Rhode Island, see Suttell Doc. No. 91, Seguin joined a group of plaintiffs filing a complaint in the District of Massachusetts, asserting claims similar to those asserted in these consolidated cases, naming a familiar set of state judges and officers as

5

defendants, and adding defendants including the government attorneys who have appeared in this court to represent the state defendants. See Kufner v. Suttell, No. 1:13-cv-12864-DJC (D. Mass. complaint filed Nov. 6, 2013).

Adverse judgments, the imposition of a temporary filing restriction in these consolidated cases, and defendants' motion for a permanent filing restriction have all failed to deter Seguin from filing further actions. The relative frequency of Seguin's initiation of new actions, her recitation of the same claims in the face of adverse rulings, and the generally vituperative and sometimes personal nature of her arguments in these cases suggests a passion for relitigating Family Court matters bordering on a mania. This court concludes that it must specifically enjoin Seguin from engaging in further vexatious litigation, employing the identity of the defendants and the general subject matter of the claims as a narrowly-tailored screen appropriate for Seguin's circumstances.

**Conclusion**

For the foregoing reasons, the court GRANTS the filing restriction motions (Textron Doc. Nos. 173, 179, 180; Suttell Doc. No. 91), and issues the following permanent injunction:

(1) Mary Seguin is permanently enjoined and restrained from commencing or litigating - without prior leave of the court - any action in the United States District Court for the District of Rhode Island, involving matters

6

arising out of Rhode Island Family Court proceedings and actions filed by Seguin challenging and/or appealing orders issued in those Family Court proceedings (hereinafter "Rhode Island State Court Proceedings"), including specifically:

(a) Seguin v. Seguin, No. K2001-0503 (R.I. Fam. Ct., Kent Cnty.);

(b) Meyersiek v. Seguin, No. K2001-0521M (R.I. Fam. Ct., Kent Cnty.);

(c) Meyersiek v. Seguin, No. K2004-0077A (R.I. Fam. Ct., Kent Cnty.);

(d) Meyersiek v. Seguin, No. P2011-0026A (R.I. Fam. Ct., Providence Cnty.);

(e) Seguin v. Seguin, No. SU-2010-220-M.P. (R.I.); and

(f) Seguin v. Bedrosian, No. 2012-0124 (R.I. Super. Ct., Providence Cnty.).

(2) Mary Seguin must seek leave of court before she files a complaint in the United States District Court for the District of Rhode Island, arising out of the Rhode Island State Court Proceedings, against:

(a) the Rhode Island Family Court, the Rhode Island Supreme Court, or any current or former Rhode Island judge, justice, or court-appointed mediator or guardian ad litem, including Chief Justice Paul Suttell; Family Court Chief Judge Haiganush Bedrosian; Family Court Associate Judges John E. McCann III, Stephen J. Capineri, and Michael B. Forte; the Estate of Family Court Associate Judge Gilbert Rocha; and Family Court mediator/guardian ad litem Lori Giarrusso;

(b) the Rhode Island Governor's Office and/or Governor Lincoln Chafee;

(c) the Rhode Island Executive Office of Health and Human Services and/or Health and Human Services Secretary Steven M. Constantino;

7

(d)   the Rhode Island Child Support Office,
      Director Sharon A. Santilli, and/or Attorney
      Priscilla Glucksman; and

(e)   the Rhode Island Attorney General's Office
      and/or Attorney General Peter F. Kilmartin.

(3)   This court will not grant leave for Mary Seguin to file
      a complaint naming any of those parties as defendants,
      or otherwise asserting claims arising out of the Rhode
      Island State Court Proceedings, unless she files the
      proposed complaint, together with an affidavit
      certifying in good faith that the proposed complaint
      asserts novel claims that: (a) have not previously been
      raised in this court; and (b) do not arise out of
      matters previously litigated in this court.

(4)   Mary Seguin must pay the filing fee or file an in forma
      pauperis application at the time she seeks leave of
      court, before the court will determine whether she can
      file the proposed complaint.

(5)   Any filing or proposed complaint presented to the
      clerk's office by Mary Seguin against any defendant
      listed in Paragraph (2)(a)-(e) above, and/or arising
      out of the Rhode Island State Court Proceedings, will
      be assigned to a magistrate judge or district judge for
      screening prior to filing.  The assigned judicial
      officer shall determine whether the filing or proposed
      complaint complies with the terms of this injunction.
      If it does, the complaint will be docketed.  If the
      filing violates the injunction, the court will reject
      the filing and return the filing fee, if a filing fee
      has been received.

(6)   This injunction is intended to prevent Seguin from
      instituting any further actions against the listed
      defendants and/or relating to the Rhode Island State
      Court Proceedings, without first satisfying a
      magistrate judge or district judge that the complaint
      does not arise out of matters that have already been
      litigated or otherwise decided by this court.  This
      injunction does not prevent Mary Seguin from filing a
      notice of appeal, from defending herself in any
      lawsuit, or from pursuing any meritorious claims which
      have arisen or may arise in the future against any
      defendant, which may be appropriately filed in this
      court.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 25, 2014

cc: Mary Seguin, pro se
    Rebecca T. Partington, Esq.
    Susan E. Urso, Esq.
    Mark W. Freel, Esq.
    Joseph Avanzato, Esq.
    Leslie D. Parker, Esq.
    Gordon P. Cleary, Esq.

SJM:nmd